Mathews v. Railway Co.

No. 21,833.

JOHN B. MATHEWS, *Appellee*, v. THE KANSAS CITY RAILWAYS COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision between Two Street Cars—Personal Injuries—Proximate Cause.* The evidence in the case examined, and it is held to be sufficient to support a finding that the injury sustained by plaintiff while riding as a passenger on one of defendant's cars was the result of the negligence of the defendant in causing another of its cars to collide with the one on which the plaintiff was riding, and that the evidence fairly tends to show that the collision was the proximate cause of the injury sustained. .

2. SAME—*Trial—Instructions.* Objections made to some of the instructions given to the jury are held to be without merit.

3. SAME — *Award of Damages Not Excessive.* Under the evidence as to the nature and extent of the injuries of the plaintiff, it is held that an award of $15,000 as damages cannot be regarded as excessive.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 11, 1919. Affirmed.

*R. J. Higgins, C. L. Miller,* and *C. A. Miller,* all of Kansas City, for the appellant.

*J. K. Cubbison, T. A. Milton* and *W. G. Holt,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John B. Mathews sued for and recovered damages from The Kansas City Railways Company for personal injuries sustained by him through defendant's negligence, while a passenger on one of its cars.

In his petition he alleged, in substance, that the car on which he became a passenger was greatly crowded, and that when he boarded it he took a position in the aisle near the front end of the car, steadying himself by holding to a strap provided for that purpose. When they reached a certain point on the line another car of the defendant collided with the one on which he was riding with such force and violence as to throw him backward over the top of a seat in the car, causing

concussion of the brain, injury to the spinal column, severe suffering, and as a result of his injuries he has partially lost control of his lower limbs, and that since his injury he has been unable to sleep, and has lost the use of his sexual powers.

The answer was a general denial, and upon the evidence of plaintiff, the defendant not having offered any, the jury awarded damages to the plaintiff in the sum of $15,000. In its appeal, defendant first contends that its demurrer to plaintiff's evidence should have been sustained. It is insisted that the evidence does not show that the force of the collision was sufficient to throw the plaintiff down; that it does show that his fall was caused by another passenger throwing himself against the plaintiff; and that, therefore, the collision was not the proximate cause of plaintiff's injury. There is abundant evidence that the car was struck with such force as to break the straps which the standing passengers were holding, and to throw them down. One, a man named Woulf, was standing next to plaintiff, and it is shown that the shock of the collision threw several of the passengers violently one against the other, and some of them against Woulf, who was thrown against the plaintiff, who in turn fell across the iron bracket of a seat. It does not require argument or authorities to demonstrate from the testimony that the efficient producing cause of the fall and injury of the plaintiff was the collision. It stood first in the line of causation, and but for it the injury of the plaintiff would not have occurred.

It is further contended that the court erred in its instructions, in that it failed to place a limit on the award of damages, that is, failed to confine the damages to such injuries as were shown to be the result of the accident. The criticism is not justified. In the fourth instruction the court expressly told the jury that if they found for the plaintiff, his recovery should be limited to compensation for the injuries and loss sustained by him as a direct and natural consequence of the collision.

There is a further contention that the evidence did not justify an allowance for permanent injury; that the damages awarded are excessive, and that, therefore, defendant's motion for a new trial should have been granted. Considerable evidence was offered tending to show that some of the injuries sustained by the plaintiff are of a permanent character. The

amount awarded is large, but there were good grounds for a liberal award. The plaintiff was a healthy, able-bodied man, forty-one years of age, when he was injured. He had been trained for structural steel work, and was a contractor in steel construction, earning $5.00 per day. His injuries unfit him for that work, and since his injury he has spent part of his time cobbling shoes. There was paralysis of his legs for a short time after the injury. He has recovered the use of one of them, but not the full use of the other. The lower part of the spine was injured, and an X-ray picture indicates a displacement of some bones. His injury interfered with the passage of urine for a time, and he still has some difficulty in that respect. Another effect of the injury is a loss of sexual power, and he suffers greatly from nervousness and loss of sleep. Under the testimony, it cannot be said that the damages awarded are excessive. Although a commission of physicians and surgeons were appointed by the court, at the instance of the defendant, to examine the plaintiff, they were not called to testify, and no evidence contradicting that of the plaintiff in regard to the nature and extent of his injuries was offered by the defendant.

The judgment is affirmed.